# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **NATHAN SAMUEL COLLETT, et al.** <br><br> **Plaintiffs,** <br><br> v. <br><br> **STATE OF UTAH, et al.,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:14-cv-00871-DB-PMW** <br><br> **District Judge Dee Benson** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court recognizes that plaintiffs Nathan Samuel Collett ("Collett"), and Richita Hackford and Opal Hackford (together, the "Hackfords") (Collett and the Hackfords are referred to collectively as the "Plaintiffs") have been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute").[2] The court also recognizes that Plaintiffs are proceeding pro se in this case. Consequently, the court will construe Plaintiffs' pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

This case was consolidated with *Hackford v. State of Utah*, case no. 2:14-cv-00873.[3] "Consolidation does not result in a merger of separate suits into a single cause of action." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 449 (D.N.M. 2018). "[T]he actions do not lose their separate identity; the parties to one action do not become parties to the other. . . . Instead,

---

[1] *See* docket no. 5.
[2] *See* docket no. 2.
[3] *See* docket no. 10.

consolidation is an artificial link forged by a court for the administrative convenience of the parties, it fails to erase the fact that, underneath consolidation's façade, lie two individual cases." *Id*. (quoting *Chaara v. Intel Corp.*, 410 F.Supp.2d 1080, 1089, 1094 (D.N.M. 2005)) (internal quotations omitted). The complaints filed by Plaintiffs are substantially similar. However, neither complaint has superseded the other, and the court treats them individually for purposes of this order.

Collett's complaint purports to bring claims against the named defendants in this case for "Child Endangerment, Willful Abduction, and Withholding, and Separation of Minor Children from" Collett, their father.[4] The complaint also recites a list of other claims Collett purports to bring against individual defendants.[5] These claims are as follows:

1. "deprivation and removal from Plaintiffs [sic] home, by BIA officer Wasp (Wass) Chapoose";

2. "unlawful issuance of Ex Parte Temporary Protective Order, Protective Order, Child Custody Order including unlawful taking of hair samples for drug testing on all four minor children" against "Cleve Hatch, Ute Social Service attorney";

3. "unlawful enforcement of Supervised Visitation Order by Cleve Hatch Ute Social Service state attorney without legal authority to do so" against "Daniel Roper, Ute Family Service Counselor";

4. "abduction an[d] kidnapping and assault with intent to cause physical bodily harm and injury to the Plaintiff Nathan Samuel Collett, unlawful impound of vehicles," against "Defendants' State of Utah 'Roosevelt Police Chief Rick Harrison, Roosevelt

---

[4] Docket no. 3 at 2.
[5] *See id.* at 2-3.

Police Detective Pete Butcher, Roosevelt Police officers Casey Ralphs, Matt Molay, and Utah Highway Patrol officer Luke Stradinger";

5. "assault with intent to cause physical bodily harm and injury to the Plaintiff Nathan Samuel Collett" against "Duchesne County Jail Prior Sheriff's Deputy Wallace Hendricks";

6. against "COP-Corporation of the President of the Church of Jesus Christ of Latter-day Saints, COP-President's one man government, by and through its corporate arrogates memberships involvement in the creation and drafting of the Ute Partition and Termination Act of 1954,[]COP-as a holder of 800 Ute Distribution Stock-Shares, under the Act of 1954 a as Mormon State government, being the majority of state, county and city employees within the Uinta Valley & Ouray Reservation;"

7. against the "Ute Indian Tribe for falsely misleading and representing itself as a federal tribe, for the taking of Federal Indian Monies under Federal Services & Programs for which the state Utes are not eligible to be receiving, a holder of 820 Stock-Shares in Ute Distribution Corporation;" and,

8. "willful abduction and kidnapping of Plaintiffs four minor children and for willful removal of Plaintiff from his home" against "BIA officer Wasp Chapoose."[6]

In addition to the claims in Collett's complaint, the Hackfords' complaint brings the following claims:[7]

---

[6] *Id.*

[7] Case no. 2:14-cv-00873, docket no. 3 at 2-3. The court has omitted from this list those claims in the Hackfords' complaint which are identical to those in Collett's complaint.

1. "against Defendants for having placed Plaintiff Richita Hackford's name on a Mixed-blood Ute Roll and for having published her name in the Federal Register on August 5, 1956 as an Affiliated Ute Citizen of the State of Utah";

2. against "United States Department of Agriculture, Farmers Home Administration, Duchesne County, Duchesne County prior Supervisor Kelly Crozier, Request for Quitclaim Deed on Fee Simple land, said Quitclaim is not a 'clear title' and for the Excepting Therefrom: Beginning at the Northeast corner of Lot 6, Block 5, ORSER SUBDIVISION, Roosevelt City Survey; thence West 35 feet, more or less to an existing fence; thence South 93 feet, more or less to an existing fence; thence East 35 feet, more or less to an existing fence; thence North 93 feet, more or less to the pint of beginning, for having Initialed Plaintiffs initial RH on the Real Estate Deed of Trust For Utah and Nevada . . . without Plaintiffs knowledge or consent," and for "[l]oss of real property Neola Utah, to a state Uncompahgre Ute, Warranty Deed is not a 'clear title'";

3. against "Roosevelt City Police Detective Pete Butcher for simple assault abduction removal from Plaintiffs [sic] residence, unlawful transport to Roosevelt Police Department, unlawful detaining an[d] harassment, unlawful taking of personal property";

4. "Plaintiff Opal Hackford for harassment intimidation instilling fear by law enforcement."[8]

---

[8] Although the complaint is not specific, the court will liberally construe this cause of action as against the "law enforcement" otherwise identified elsewhere in the complaint.

The content of Collett's complaint and the Hackfords' complaint is almost identical after page two, including both complaints' request that this court "make a legal determination . . . as to [Plaintiffs'] congressional and federal Indian status."[9]

## **LEGAL STANDARD**

At the outset, the court will provide an explanation of the applicable standards for reviewing a complaint under the IFP Statute. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

---
[9] Docket no. 3 at 4.

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## **ANALYSIS**

The court has liberally construed Plaintiffs' complaints and concludes that Plaintiffs have failed to provide well-pleaded factual allegations to support their purported claims. Although Rule 8 is liberally construed, courts have determined that a complaint violates the rule if it is

unreasonably long, rambling, or filled with irrelevant material. *See Mitchell v. City of Colo. Springs, Colo.*, 194 Fed. App'x 497, 498 (10th Cir. 2006) (affirming dismissal of complaint for being "verbose, prolix, and virtually impossible to understand" and a "rambling, massive collection of facts with no apparent organizational scheme, and . . . completely lacking in clarity and intelligibility"). That is the case here.

In both complaints, Plaintiffs provide only conclusory allegations and fail to provide any detailed factual allegations whatsoever that would allow the court to determine whether their claims could survive dismissal. Although the complaints are each eighteen pages long, they contain no facts supporting any of the numerous stated claims. Pages three (3) through five (5) of both complaints contain what appears to the court to be a summary of federal law governing Indian status, but no facts related to Plaintiffs' status. Pages five (5) and (6) contain a facts related to the Plaintiffs' respective Social Security disability determinations.[10] The Hackfords' complaint also contains conclusory allegations that their unfavorable Social Security determinations were the result of "racial and political discrimination."[11] Finally, pages six (6) through eighteen (18) of the complaints contain a lengthy, rambling "Statement of Congressional & Federal Indian Facts of Law."[12] Nowhere in these twelve (12) pages do Plaintiffs provide any "supporting factual averments" to support their conclusory allegations. *Bellmon*, 935 F.2d at 1110 (citations omitted). Nor do Plaintiffs recount any facts whatsoever "surrounding [their alleged injur[ies]." *Id.* The Plaintiffs "must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

---

[10] *See* docket no. 3 at 5-6.
[11] Case no. 2:14-cv-00873, docket no. 3 at 5.
[12] Docket no. 3. at 6.

For those reasons, the court concludes that both complaints fail to state claims upon which relief can be granted. However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217. Accordingly, Plaintiffs are hereby provided with an opportunity to amend their complaints. Plaintiffs must file a consolidated, amended complaint that complies with the requirements set forth above within twenty-one (21) days of the date of this order. Failure to do so will result in a recommendation to Judge Benson that this case be dismissed.

## **CONCLUSION**

In summary, **IT IS HEREBY ORDERED**, that Plaintiffs must file a consolidated amended complaint that complies with the requirements set forth above within twenty-one (21) days of the date of this order. Failure to do so will result in a recommendation to Judge Benson that this case be dismissed.

**IT IS SO ORDERED**.

**DATED** this 26th day of February, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge