IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATHAN SAMUEL COLLETT, et al., <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br><br> STATE OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION & ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION <br><br><br><br><br><br> Case No. 2:14-CV-871 <br><br> Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Paul M. Warner on February 11, 2020, recommending that this action be dismissed for failure to state a claim upon which relief may be granted. (Dkt. 23.) The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. On February 25, 2020, within the allotted time, Plaintiffs filed their Objection to Report and Recommendation. (Dkt. 24.) Having considered the record in this case, the magistrate judge's Report and Recommendation, and Plaintiffs' Objection, the court enters the following Memorandum Decision and Order.

1

**BACKGROUND**

At Plaintiffs' request, this case was consolidated with the related case of *Hackford v. State of Utah*, 2:14-cv-873-CW.[1]  After the cases were consolidated, under the authority of the IFP Statute, the magistrate judge screened each of complaints in the consolidated action.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that .

---

[1] Plaintiffs initially sought to have the cases that are consolidated in this action consolidated with yet a third case, Case No. 2:14-cv-872-RJS, assigned to Judge Shelby.  *(See* Case No. 2:14-cv-872-RSJ, Dkt. 29, Motion to Consolidate Cases, dated 9/16/15.)  Plaintiffs argued that the three cases presented the "same legal issues," and should be consolidated to provide a more accurate and complete record of the legal issues before the court.  (*Id.* at 2.)

However, Plaintiffs' motion to consolidate the three related cases was filed *after* Judge Shelby had dismissed the -872 case and *after* Plaintiffs had appealed Judge Shelby's decision to the United States Court of Appeals for the Tenth Circuit.  (*Id.*)  Fully aware of the procedural status of the -872 case, Plaintiffs' motion asserted that "the 'Motion for Consolidation' has a legal basis and legal merits for consolidation ... under case no. 2:14-cv-872-RJS, which is currently on 'Appeal' to the Tenth Circuit Court of Appeals wherein said appeals court can on appeal 'review' the legal merits of all three cases currently before the Utah District Court." (*Id.* at 3-4.)  On December 31, 2015, the Tenth Circuit filed an Order and Judgment, affirming the district court's order of dismissal.  (Case No. 2:14-cv-872-RSJ, Dkt. 31.)

Not surprisingly, the court denied Plaintiffs' motion to consolidate as to Case No. 2:14-cv-872-RJS; the case that had been dismissed by Judge Shelby and affirmed by the Tenth Circuit.  However, on May 9, 2016, the court granted the motion to consolidate as to the two remaining cases, and they were consolidated into the case now before the court.  (Case No. 2:14cv871-DB, Dkt. 10 at 2.)

Shortly thereafter, on May 18, 2016, Plaintiffs filed a "Motion to Submit Evidence," seeking once again to consolidate the -872 case (the dismissed case) into this action.  (Dkt. 11.)  In the motion, Plaintiffs argued that Judge Shelby's dismissal should be "overturned and reconsolidated with case nos. 871 and 873 as 872 falls right in the middle of said cases" and involves the same parties and same question of law.  (Dkt. 11 at 6.)  The court denied Plaintiffs' motion, finding that it failed to present a proper basis for seeking reconsideration of the court's denial of consolidation of a dismissed case.  (Dkt. 12.)

2

. . the action . . . fails to state a claim on which relief may be granted"). During that review, the magistrate judge noted that the separate complaints were substantially similar. Both complaints were 18 pages long, and after page two, the content was nearly identical, including the request, in both complaints, for the court to "make a legal determination . . . as to [Plaintiffs'] congressional and federal Indian status." (Dkt. 3 at 4.)

On February 26, 2019, after reviewing Plaintiffs' complaints, the magistrate judge issued a Memorandum Decision and Order finding that the complaints failed to state claims upon which relief could be granted. (Dkt. 13 at 8.) However, rather than recommending that the consolidated action be dismissed, the magistrate judge detailed the deficiencies in the complaints and provided Plaintiffs the opportunity to file an Amended Complaint. (*Id.*)

On March 15, 2019, Plaintiffs filed a Consolidated Amended Complaint. (Dkt. 14.) Thereafter, the magistrate judge reviewed the claims set forth in the Amended Complaint and concluded, once again, that "[e]ven when construed liberally, all seventeen causes of action suffer from fatal deficiencies." (Dkt. 23 at 10.) Accordingly, the magistrate judge recommended that the action be dismissed with prejudice under the authority of the IFP Statute. (*Id.* at 12 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).)

## **DISCUSSION**

The court has conducted a thorough review of all relevant materials, including Plaintiffs' Consolidated Amended Complaint, the magistrate judge's Report and Recommendation, Plaintiffs' Objection to the Report and Recommendation, as well as the extensive background, history, and record in this case. Having done so, the court agrees with the analysis and

conclusions of the magistrate judge that Plaintiffs' Consolidated Amended Complaint fails to state a claim upon which relief may be granted.

In conducting this review, the court is mindful Plaintiffs are proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even construing Plaintiffs' Amended Complaint liberally, Plaintiffs have failed to set forth an actionable claim.

As explained by the magistrate judge, Plaintiffs are United States citizens, residents of the Uinta Valley Reservation, and members of the Uinta Valley Shoshone Tribe of Utah Indians. The Uinta Valley Shoshone Tribe is not a federally recognized American Indian Tribe. *See Indian Entities Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs*, 79 Fed. Reg. 4748-02, Bureau of Indian Affairs (January 29, 2014). The allegations and claims set forth in Plaintiffs' Amended Complaint are based upon and relate directly to this lack of federal recognition.

Plaintiffs claim that members of the Uinta Shoshone Tribe were included on a list of "mixed-blood" members of the Ute Tribe in the 1950s. Those listed on the mixed-blood roll had their federal recognition terminated via the Ute Partition and Termination Act of 1954 (the "Act"). 25 U.S.C. § § 677 *et seq.*; *see Ute Distribution Corp. v. Sec'y of Interior,* 584 F.3d 1275, 1276-78 (10th Cir. 2009); *Hackford v. Babbitt*, 14 F.3d 1457, 1462-63 (10th Cir. 1994). The termination of Plaintiffs' status as federally recognized Indians resulted in, *inter alia*, the loss of federal supervision over Plaintiffs' property and the ability to receive certain federal services and

benefits, affected land boundaries, and subjected Plaintiffs to state law as Utah citizens.[2]

Plaintiffs' Consolidated Amended Complaint challenges the legality and implementation of the Act as well as certain events and consequences that resulted from the termination of their federal Indian status. Plaintiffs allege that the Act was fraudulently enacted, and that unspecified tribal rights are being violated by various actors, acting under false authority and false pretenses, in an attempt to deprive Shoshone tribal members of their interest in the Uintah Valley and Ouray Reservation and their right to tribal self-government. Plaintiffs also seem to argue that the Act is legally flawed, that the Ute Distribution Corporation ("UDC") is not legitimate, and that various state actors are illegally enforcing state law against them.

Plaintiffs' claims and allegations have been litigated, either expressly or impliedly, in *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), wherein the Supreme Court expressly approved of the formation of the UDC under the Act and affirmed the UDC's decision-making authority. *Id.* at 143-44. The Court also affirmed the termination of federal supervision of the UDC and its shares, and the Court recognized and affirmed that the Act provided for the termination of mixed-blood status as federally recognized Indians. *Id.* at 149-50. Since then,

---

[2] The Act also provided for the partition and distribution of the Ute Indian Tribal assets of the Uintah and Ouray Reservation in Utah between the mixed-blood group and full-blood Ute Indians. *See* 25 U.S.C. § 677. Under the distribution plan prepared by the mixed bloods and approved by the Secretary of the Interior, the mixed bloods each received, in addition to their share of divisible tribal assets, ten shares of the Ute Distribution Corporation ("UDC"), which was formed by the mixed bloods to manage their share of income from oil, gas, and mineral rights and other tribal assets that were not susceptible to equitable and practicable distribution. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 134-40 (1972). Upon distribution of these shares and divisible assets, the Secretary, as provided in the Act, terminated Plaintiffs and other mixed-blood Ute Indians' status as federally recognized Indians. *See* 26 Fed. Reg. 8042 (Aug. 24, 1961). This termination proclamation also terminated the federal trust over the mixed bloods' property. *Id.*; *see Affiliated Ute Citizens*, 406 U.S. at 149-50.

numerous other cases have addressed similar issues and related arguments. *See Hagen v. Utah*, 510 U.S. 399 (1994); *United States v. Uintah Valley Shoshone Tribe*, 946 F.3d 1216 (10th Cir. 2020); *Hackford v. Babbitt*, 14 F.3d 1457 (10th Cir. 1994); *Maldonado v. Hodel*, 977 F.2d 596 (10th Cir. 1990); *see also Morton v. Mancari*, 417 U.S. 535 (1974); *United States v. Von Murdock*, 132 F.3d 534 (10th Cir. 1997) (concluding Ute Termination Act was not racially discriminatory and thus did not violate due process or equal protection aspects of Fifth Amendment, and Act did not violate First Amendment).[3] Having reviewed the extensive precedent established by these cases, the court agrees with the magistrate judge that Plaintiffs' Consolidated Amended Complaint fails to state a claim upon which relief may be granted.

Additionally, the court finds that Plaintiffs' Objection fails to provide any legitimate basis for challenging the reasoning and recommendation of the magistrate judge. Plaintiffs' Objection provides a lengthy recitation of the historical and political events leading to the passage of the Act and the formation of the UDC. Plaintiffs then argue legal theories that are different from those raised in the Consolidated Amended Complaint, seeking, once again, to attack the validity of the Act and the UDC. *See, e.g.,* Dkt. 24 at 6 (suggesting the Act violates equal protection).

To the extent Plaintiffs' Objection relies on legal theories that were not presented to the magistrate judge, the court finds them to be untimely and improper. Plaintiffs were provided the

---

[3] In the related case before Judge Shelby, Case No. 2:14-cv-872-RJS, the court similarly concluded that Plaintiff's claims relating to tribal recognition were not actionable. *See Hackford v. Utah*, Case No. 2:14-cv-872-RSJ (D. Utah), Dkt. 12 at 9 ("To the extent [Plaintiff] asks the court to find that he is a member of a tribe, and then use this finding as a basis for a suit against these officers and officials, the court can provide no relief. Any attempt at amendment would clearly be futile.").

opportunity to amend their pleading and there is no excuse for Plaintiffs' failure to raise these arguments in the Amended Complaint. Moreover, and in any event, the new legal theories raised in Plaintiffs' Objection are a futile attempt, once again, to attack the validity and enforcement of the Act and UDC. Therefore, Plaintiffs' Objection is overruled.

For the foregoing reasons, the court ADOPTS the Amended Report and Recommendation of the magistrate judge and enters the following ORDER:

1. This action is DISMISSED, with prejudice, in its entirety;

2. Plaintiffs' motion for preliminary injunction (Dkt. 15) is DENIED; and

3. Plaintiffs' additional pending motions (Dkt. Nos. 16, 17, 18) are MOOT.

DATED this 29th day of June, 2020.

_____
Dee Benson
United States District Judge